Docket No. 99221.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
MARIAN KOLTON, Appellant.

*Opinion filed March 23, 2006.*

JUSTICE McMORROW delivered the judgment of the court,
with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald,
Kilbride, Garman, and Karmeier concurred in the judgment and
opinion.

## OPINION

On May 23, 2000, defendant Marian Kolton was charged in
a single count indictment with predatory criminal sexual assault

of a child in violation of section 14.1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12–14.1(a)(1) (West 2000)). The indictment alleged:

> "defendant was 17 years of age or older and committed an act of sexual penetration upon [C.S.], to wit: an intrusion of Marian Kolton's finger into [C.S.'s] vagina, and [C.S.] was under thirteen years of age when the act of sexual penetration was committed."

Following a bench trial, the trial court found that the "intrusion" necessary for an act of sexual penetration had not been proven beyond a reasonable doubt, but that "the lesser included offense of aggravated criminal sexual abuse [720 ILCS 5/12–16(c)(1) (West 2000)] was proven beyond a reasonable doubt." Defendant was convicted of aggravated criminal sexual abuse and sentenced to 90 days' incarceration plus 4 years' felony probation.

Defendant filed a posttrial motion for reconsideration. Relying on this court's decision in *People v. Novak*, 163 Ill. 2d 93 (1994), defendant argued that aggravated criminal sexual abuse is not a lesser-included offense of predatory criminal sexual assault and that the trial court erred by finding him guilty of a crime which was not charged in the indictment. Defendant's motion was denied and defendant appealed. The appellate court, with one justice dissenting, affirmed defendant's conviction. 347 Ill. App. 3d 142.

We granted defendant's petition for leave to appeal (177 Ill. 2d R. 315), and now affirm the judgment of the appellate court.

## BACKGROUND

At defendant's bench trial, Rolling Meadows police officer Jason Morrison testified that, on the morning of Sunday, April 30, 2000, he and his partner were on patrol when they noticed a green minivan parked diagonally across three parking spaces, in the nearly empty parking lot of the Continental Towers Business Complex at 1701 Golf Road. The officers exited their patrol car to investigate. They checked the minivan and, seeing no one in or near it, they climbed the 10-foot embankment that ran along the east side of the parking lot, to check the wooded area at the top of the embankment. As the officers approached the top of the embankment, they saw a

young girl, later identified as 12-year-old C.S., coming out of the wooded area, followed by an older man, later identified as 49-year-old defendant.

When questioned, defendant initially told the officers that he was C.S.'s grandfather and that they had been looking at trees. Officer Morrison testified that he found this explanation implausible because C.S. appeared to be Latino, while defendant spoke with a heavy Polish accent. Upon further questioning, defendant admitted that he was not C.S.'s grandfather but, rather, the owner and landlord of the building where C.S. lived with her family. Defendant told the officers that he had gone to C.S.'s apartment that morning to make repairs and found that he needed to purchase some doors. Defendant said C.S. came with him to go to the store. Defendant claimed that his wife had been with them, too, but that she had left them in the parking lot so that they could look at trees while she shopped. Officer Morrison noted, however, that there were no stores anywhere near the parking lot.

Officer Morrison testified that he took C.S. down the embankment, where he questioned her away from defendant. At that time, C.S. revealed that defendant had offered to give her money if she would let defendant "hug" her. Defendant was then taken into custody and both defendant and C.S. were transported to the police station. Later that day, C.S. was taken to the Child Advocacy Center (CAC) for a victim sensitivity interview and then to the hospital for a physical examination. No one from the hospital or the CAC testified at trial.

The State's second witness was Rolling Meadows Police Detective Gadomski, who testified that, in the evening of April 30, 2000, he questioned defendant, who was being held in custody at the Rolling Meadows police station. Defendant told Detective Gadomski that he was the landlord of the building where C.S. lived with her family, that he had been going to Home Depot to buy doors for C.S.'s apartment, and that C.S. had agreed to come along to help carry the doors. However, defendant gave Detective Gadomski a different explanation for why he was in the parking lot. Defendant claimed that he became lost going to the Home Depot and that he parked his vehicle in the parking lot and climbed the embankment to try to

get his bearings. Detective Gadomski testified that he asked defendant why he took a blanket with him and defendant replied, "I don't know, I've lost my mind." Later, defendant claimed that he mistakenly took the blanket, thinking that it was a box of cigars.

The State's last witness was C.S., who testified that, on April 30, 2000, defendant asked her to accompany him to the Home Depot to help him carry doors he was going to purchase for her mother's apartment. C.S. also testified that, after leaving her apartment, they did not go to the store. Instead, they stopped in a parking lot. C.S. said she asked defendant to take her home, but he told her to be patient and to come with him up the embankment to look at trees. At the top of the embankment, defendant put a blanket on the ground under the trees and told her to sit down. C.S. said she sat on the blanket "cross-legged" and defendant sat down next to her. She testified that defendant began to hug her, but she told him to stop. Defendant then offered her money to let him touch her, but she said no. Nevertheless, defendant reached over, moved her shorts and underwear to the side and put his finger into her vagina. After he did this, C.S. got up and asked to go home. C.S. said that, as they were leaving, she saw two police officers coming up the embankment.

After hearing all of the evidence, the trial judge held that C.S. was credible, but without any medical corroboration he could not find beyond a reasonable doubt that sexual *penetration* had taken place. The trial judge then found defendant guilty of aggravated criminal sexual abuse as a lesser-included offense of predatory criminal sexual assault. As noted earlier, the appellate court affirmed defendant's conviction, with one justice dissenting.


ANALYSIS

A defendant in a criminal prosecution has a fundamental due process right to notice of the charges brought against him. *People v. DiLorenzo*, 169 Ill. 2d 318, 321 (1996). For this reason, a defendant may not be convicted of an offense he has not been charged with committing. *People v. Baldwin*, 199 Ill. 2d 1, 6 (2002); see also *People v. Knaff*, 196 Ill. 2d 460, 472

(2001); *People v. Jones*, 149 Ill. 2d 288, 292 (1992). A defendant may, however, be convicted of an uncharged offense if it is a lesser-included offense of a crime expressly charged in the charging instrument (*Novak*, 163 Ill. 2d at 105), and the evidence adduced at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense (*Novak*, 163 Ill. 2d at 108).

The first step when deciding whether a defendant has been properly convicted of an uncharged offense is determining whether the offense is "included" in the offense that was charged. An "included offense" is defined by statute as an offense which is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged. 720 ILCS 5/2–9(a) (West 2000). This definition offers little guidance because it does not specify the factors to be considered when deciding whether an uncharged offense is lesser included. See *Novak*, 163 Ill. 2d at 105-06. For this reason, courts have employed various approaches for determining whether a particular offense is a lesser-included offense of a charged crime. In *Novak*, we identified three main approaches:(1) the abstract elements approach; (2) the charging instrument approach; and (3) the factual or evidence approach, also known as the "inherent relationship" approach.

Pursuant to the abstract elements approach, an offense is lesser included only if all of the statutory elements of the lesser offense are contained in the greater offense. This approach was rejected as too formulaic and rigid. *Novak*, 163 Ill. 2d at 111. On the other hand, the "factual" or "evidence" approach, which looks to the facts adduced at trial to determine whether the proofs offered on the greater offense establish the lesser offense, was determined to be too broad. With this approach, neither the defendant nor the prosecution would have notice of all possible lesser offenses until the close of all of the evidence. *Novak*, 163 Ill. 2d at 110.

After weighing the relative advantages and disadvantages of each approach, we concluded in *Novak* that "[t]he charging instrument approach best serves the purposes of the lesser-included offense doctrine." *Novak*, 163 Ill. 2d at 112-13. The

˘5˘

charging instrument approach looks to the allegations in the charging instrument to see whether the description of the greater offense contains a "broad foundation" or "main outline" of the lesser offense. Because the charging instrument provides the parties with a closed set of facts, both sides have notice of all possible lesser-included offenses so that they can plan their trial strategies accordingly. *Novak*, 163 Ill. 2d at 113. Further, the charging instrument approach "tempers harsh mechanical theory with the facts of a particular case," "results in a broader range of possible lesser included offenses," and, thus, "supports the goal of more accurately conforming punishment to the crime actually committed." *Novak*, 163 Ill. 2d at 113.

If, using the charging instrument approach, it is determined that a particular offense is a lesser-included offense of a charged crime, the court must then examine the evidence adduced at trial to decide whether the evidence rationally supports a conviction on the lesser offense. *Novak*, 163 Ill. 2d at 108. Accordingly, an inquiry into whether a defendant may be convicted of an uncharged offense is a two-tiered process. However, the second step–examining the evidence adduced at trial–should not be undertaken unless and until it is first decided that the uncharged offense is a lesser-included offense of a charged crime. *People v. Baldwin*, 199 Ill. 2d 1, 11-15 (2002). Whether a charged offense encompasses another as a lesser-included offense is a question of law, which this court reviews *de novo. People v. Landwer*, 166 Ill. 2d 475, 486 (1995).

In the case at bar, defendant's single issue on appeal is whether aggravated criminal sexual abuse is a lesser-included offense of predatory criminal sexual assault of a child, the offense charged in defendant's indictment. The appellate court answered this question in the affirmative, although one justice dissented, based on our decision in *People v. Novak*, 163 Ill. 2d 93 (1994). Defendant now maintains, as did the dissenting appellate justice, that "the plain meaning of the statutes, the statutory analysis in *Novak*, and the principle of *stare decisis* mandate reversal" of his conviction. In *Novak*, the defendant

was charged with aggravated criminal sexual assault in an indictment which alleged:

> " 'Chester M. Novak committed the offense of aggravated criminal sexual assault in that he was seventeen years of age or over and committed an act of sexual penetration upon [the victim], to wit: contact between Chester M. Novak's penis and [the victim's] mouth and [the victim] was under thirteen years when the act of sexual penetration was committed ***." *Novak,* 163 Ill. 2d at 114.

At defendant's trial, a jury heard evidence that defendant, a 31-year-old man who coached boys' baseball, brought one of the10-year-old boys he coached to his home on several occasions and, under the pretense of improving the child's athletic skills, blindfolded the boy, tied the boy's hands behind his back, rubbed up against the boy, and inserted his penis into the boy's mouth. The jury found defendant guilty of the charged offense. On appeal, however, the defendant contended that he was denied a fair trial because the trial court refused his tendered jury instruction on aggravated criminal sexual abuse as a lesser included offense of aggravated criminal sexual assault. The question on appeal was whether aggravated criminal sexual abuse was a lesser included offense of aggravated criminal sexual assault.

In *Novak,* this court unanimously determined that the "charging instrument" approach should be employed to resolve questions regarding whether an uncharged offense is a lesser included offense of a charged offense. After adopting the charging instrument approach, however, this court was split on its proper application in the case before it. A majority of the court held that "aggravated criminal sexual abuse is not available to defendant[ ] as a lesser included offense of aggravated criminal sexual assault as charged in the indictment." *Novak,* 163 Ill. 2d at 113-14. The majority concluded "the indictment against defendant does not describe the foundation or main outline of aggravated criminal sexual abuse" because "[t]he indictment does not describe any touching or fondling of the victim's body parts *for the purpose of sexual gratification or arousal.*" (Emphasis added.) *Novak,*

163 Ill. 2d at 114. The majority held that because the indictment alleged aggravated criminal sexual assault, which requires "an act of sexual penetration," it could not be viewed as having alleged aggravated criminal sexual abuse, which requires "an act of sexual conduct." The majority reasoned that the statutory definition of "sexual penetration" does not require a showing that the act was done for sexual gratification or arousal, whereas the statutory definition of "sexual conduct" includes this element. *Novak*, 163 Ill. 2d at 115. Compare 720 ILCS 5/12–12(f) (West 2000) with 720 ILCS 5/12–12(e) (West 2000).

Three justices dissented, finding the majority's application of the charging instrument approach too narrow. *Novak*, 163 Ill. 2d at 121 (Nickels, J., dissenting, joined by Heiple and McMorrow, JJ.). The dissent pointed out that, under the charging instrument approach, the indictment need not explicitly state all of the elements of the lesser offense, as long as any missing element may reasonably be inferred from the allegations contained in the indictment. The dissent then looked to the indictment and held that the alleged contact between the defendant's penis and the victim's mouth was "touching of a sexual nature," from which a court could reasonably infer defendant's motive of sexual gratification. *Novak*, 163 Ill. 2d at 124 (Nickels, J., dissenting, joined by Heiple and McMorrow, JJ.).

Of importance in *Novak* is the court's unanimous adoption of the "charging instrument" approach for deciding whether an offense is a lesser-included offense of another. However, the manner in which the majority applied the charging instrument approach in that case has since been eroded and the majority decision can no longer be sustained. *Novak* held that the indictment did not contain the broad foundation or main outline of aggravated criminal sexual abuse, despite the fact that the indictment alleged an act which came within the purview of "sexual conduct," *i.e.*, touching (by the victim's mouth) of a sex organ of the accused. The basis for the court's finding was the fact that an element of the offense of criminal sexual abuse, *i.e.*, that the accused acted for the purpose of sexual gratification or arousal, was missing because that language is

not included in the statutory definition of "sexual penetration," which was alleged in the indictment. The court never considered whether this element could be inferred.

A review of this court's decisions since *Novak* reveals that the absence of a statutory element will not prevent us from finding that a charging instrument's description contains a "broad foundation" or "main outline" of the lesser offense. *People v. Jones*, 207 Ill. 2d 122, 143-44 (2003) (Fitzgerald, J., specially concurring). It is now well settled that, under the charging instrument approach, an offense may be deemed a lesser-included offense even though every element of the lesser offense is not explicitly contained in the indictment, as long as the missing element can be reasonably inferred. See *Baldwin*, 199 Ill. 2d at 8; *People v. Hamilton*, 179 Ill. 2d 319, 325 (1997); *People v. Jones*, 175 Ill. 2d 126, 135 (1997); *People v. Landwer*, 166 Ill. 2d 475, 486 (1995).

In *Landwer*, the defendant was charged with solicitation of murder for hire. We held that the charging instrument provided the necessary main outline or broad foundation of the lesser offense of solicitation to commit aggravated battery. The indictment charged that defendant solicited others to "kill" certain specified persons. Although the elements of aggravated battery were not alleged, we found that the lesser offense–that defendant solicited others for the purpose of causing great bodily harm or permanent disfigurement to specified individuals–was implicit from the charge. *Landwer*, 166 Ill. 2d at 486-87.

In *Jones*, the defendant was charged with attempt (aggravated criminal sexual abuse) based on an allegation that defendant, "with the intent to commit the offense of aggravated criminal sexual abuse," took a substantial step towards the commission of that offense " 'in that he disrobed in the presence of [the victim], who was at least 13 years of age but under 17 years of age at the time, stimulated his [own] penis to erection and requested [the victim] to masturbate him to orgasm, for the purpose of the sexual gratification of the defendant.' " *Jones*, 175 Ill. 2d at 129. Reversing the appellate court's ruling, we found that the charging instrument set forth the offense of public indecency based on lewd exposure,

although the indictment did not allege that the purpose of *the exposure* was defendant's sexual gratification.[1] *Jones*, 175 Ill. 2d at 135-36.

In *Hamilton*, we held that the offense of theft was a lesser-included offense of residential burglary even though the indictment did not explicitly allege the elements of theft, *i.e.*, that defendant obtained or exerted unauthorized control over property of the owner with the intent to permanently deprive the owner of the use or benefit of the property. The indictment alleged that the defendant "knowingly without authority entered the dwelling place of [the victims] with the intent to commit therein a theft." *Hamilton*, 179 Ill. 2d at 324. We held:

> "By alleging in the indictment that defendant entered the Williamses' dwelling place with the intent to commit a theft, the charging instrument necessarily [implies] that defendant intended to obtain unauthorized control over and deprive another of property. This intent can typically be inferred, as it was in this case, only through showing

---

[1] Having identified public indecency based on lewd exposure as a lesser included offense, we examined evidence adduced at trial to decide whether the evidence rationally supported a conviction on the lesser offense. We found that the defendant was not entitled to an instruction on this offense because the evidence did not show that the defendant exposed himself for the purpose of sexual gratification. Thus, in the first stage, the necessary purpose could reasonably be inferred because the indictment described, in a broad way, the lesser offense. However, at the second stage, the necessary purpose had to be supported by the evidence before defendant was entitled to an instruction on (or could be convicted of ) the lesser offense.

an actual taking of property." *Hamilton*, 179 Ill. 2d at 325.

Finally, in *Baldwin*, we considered whether aggravated unlawful restraint was a lesser included offense of home invasion. First, we noted that the offense of aggravated unlawful restraint requires that the accused *detain* another using a deadly weapon. 720 ILCS 5/10–3.1 (West 1998). We then looked to the indictment, which alleged, in pertinent part, that the defendant, "while armed with a butcher knife, used force on [the victim]." *Baldwin*, 199 Ill. 2d at 9. We concluded that, because "force" was not further described, it was not reasonable to infer from this indictment that the "force" defendant used was for the purpose of *detaining* the victim. *Baldwin*, 199 Ill. 2d at 10. We noted, however, that, had the description of the term "force" in the charging instrument been such that it could reasonably be inferred that the defendant had "detained" the victim (for example, by stating in the indictment that defendant used force, to wit: dragging the victim through the house), then the failure to explicitly allege that the defendant "detained" the victim would not preclude a finding that unlawful restraint was a lesser-included offense. See *Baldwin*, 199 Ill. 2d at 10-11. We suggested that any number of offenses (such as aggravated kidnapping, armed robbery, aggravated criminal sexual assault, or aggravated criminal sexual abuse) might have been a lesser-included offense of the charged offense of home invasion, "depending on the context of the allegations contained in the charging instrument." *Baldwin*, 199 Ill. 2d at 11. Thus, in deciding that the allegations in the indictment *did not* set forth a broad foundation or main outline of the lesser offense, we provided a greater insight into what it means to say that a charged offense contains a "broad foundation" or "main outline" of a lesser offense.

Based on the cases above, it is clear that, under the charging instrument approach, whether a particular offense is "lesser included" is a decision which must be made on a case-by-case basis using the factual description of the charged offense in the indictment. A lesser offense will be "included" in the charged offense if the factual description of the charged

offense describes, in a broad way, the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment can reasonably be inferred.

In the case at bar, therefore, we must decide whether defendant was properly convicted of aggravated criminal sexual abuse as a lesser- included offense of predatory criminal sexual assault of a child, as charged in defendant's indictment. We look first to the statutory definition of aggravated criminal sexual abuse and determine whether the facts alleged in defendant's indictment contain a broad foundation or main outline of this offense.

Aggravated criminal sexual abuse is defined in section 12–16 of the Criminal Code. 720 ILCS 5/12–16 (West 2000). Generally, the offense is committed if the accused commits criminal sexual abuse and certain aggravating circumstances exist. However, the offense also includes acts of sexual conduct or sexual penetration committed under certain specified circumstances. See 720 ILCS 5/12–16(b), (c), (d), (e), (f) (West 2000). In the case at bar, the trial court found defendant guilty of aggravated criminal sexual abuse in violation of section 12–16(c)(1)(i), which provides:

> "The accused commits aggravated criminal sexual abuse if:
>
> (1) the accused was 17 years of age or over and (i) commits an act of sexual conduct with a victim who was under 13 years of age when the act was committed ***."

Defendant's indictment alleged that defendant committed predatory criminal sexual assault and

> "was 17 years of age or older and committed an act of sexual penetration upon [C.S.], to wit: an intrusion of Marian Kolton's finger into [C.S.'s] vagina, and [C.S.] was under thirteen years of age when the act of sexual penetration was committed."

Since the ages of the accused and the victim are the same for both aggravated criminal sexual abuse and the charged offense, the only question is whether the allegation of " 'sexual penetration' *** to wit: an intrusion of [defendant's] finger into

[C.S.'s] vagina" provides a broad foundation or main outline of the offense of aggravated criminal sexual abuse, which requires an act of "sexual conduct." We answer this question in the affirmative.

The terms "sexual penetration" and "sexual conduct" are defined in subsections (e) and (f) of section 12–12 of the Criminal Code (720 ILCS 5/12–12 (West 2000)). Subsection (e) provides:

> " 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/12–12(e) (West 2000).

Subsection (f) provides:

> " 'Sexual penetration' means any contact, however slight, between the sex organ or anus of one person by an object, the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." 720 ILCS 5/12–12(f) (West 2000).

Both "sexual conduct" and "sexual penetration" describe intentional acts of a sexual nature. *People v. Terrell*, 132 Ill. 2d 178, 209 (1989). "Sexual conduct" is defined as certain "touching" done for the purpose of sexual gratification or arousal. The type of touching alleged in defendant's indictment, *i.e.*, an intrusion of [defendant's] finger into [C.S.'s] vagina," clearly falls within the definition of "sexual conduct." In addition, although it is not explicitly alleged in the indictment that defendant acted for the purpose of sexual gratification or arousal, we find that this purpose may reasonably be inferred.

We find it reasonable to infer the statutory element "for the purpose of sexual gratification or arousal" primarily because

"sexual penetration" was alleged in defendant's indictment and the type of conduct described in the definition of "sexual penetration" is inherently sexual in nature and permits such an inference to be drawn. We acknowledge that it is the legislature's province to define offenses (*Terrell*, 132 Ill. 2d at 216), and we do not dispute that the statutory definition of "sexual penetration" criminalizes certain sexual activity, whether its purpose is for sexual gratification or some other unlawful purpose. Nevertheless, we recognize here that acts of "sexual penetration" are inherently sexual in nature, and, because of their inherently sexual nature, the acts described in the definition of "sexual penetration" can be neither unintentional nor inadvertent. See *Terrell*, 132 Ill. 2d at 210-11. For this reason, when defining "sexual penetration," it was not necessary for the legislature to explicitly state that the acts must be done intentionally or knowingly and "for the purpose of sexual gratification or arousal." "Sexual conduct," on the other hand, can include the simple act of touching, either directly or through clothing, "any part of the body of a child under 13 years of age." Such touching is not inherently sexual and might occur accidentally or inadvertently. *Terrell*, 132 Ill. 2d at 210. Thus, to state a criminal *sexual* offense, it was necessary for the legislature, when defining acts of "sexual conduct," to explicitly state that the touching be intentional or knowing and "for the purpose of sexual gratification or arousal of the victim or the accused." See *Terrell*, 132 Ill. 2d at 210.

While it might also be possible, based on allegations contained in an indictment, that it would *not* be reasonable to infer that acts of "sexual penetration" were done for the purpose of sexual gratification, that is not the case here. We conclude, therefore, that in a case, such as the one at bar, where the indictment alleges "sexual penetration" and does not explicitly allege that the acts were done for the purpose of sexual gratification or arousal, this fact will not prevent us from inferring such a purpose. When "sexual penetration" is alleged, it is possible to infer that the acts were done with the purpose of sexual gratification or arousal.

We find it particularly appropriate to allow for such an inference to be drawn in instances such as this because the

element–that a defendant acted "for the purpose of sexual gratification"–is something that is typically inferred from the circumstances used to prove the alleged act. See *Hamilton*, 179 Ill. 2d at 325. Moreover, the overriding constitutional concern when determining whether an offense is lesser included is the sufficiency of the notice to the defendant. See *DiLorenzo*, 169 Ill. 2d at 321 (defendant's have a due process right to notice of the charges brought against them). In cases such as this, where a defendant is charged with predatory sexual assault of a child based on certain acts of sexual penetration, the defendant clearly has reasonable notice that such a charge might encompass the lesser offense of criminal sexual abuse.

In sum, we find that the indictment in the case at bar contains the main outline or broad foundation of the offense of aggravated criminal sexual abuse. The indictment alleged an intrusion of defendant's finger into C.S.'s vagina, which is a type of touching encompassed within the definition of "sexual conduct." Although defendant's indictment did not specify that the acts attributed to defendant were done "for the purpose of sexual gratification," this purpose could reasonably be inferred. Thus, we conclude that aggravated criminal sexual abuse is a lesser-included offense of predatory criminal sexual assault as alleged in defendant's indictment. Having reached this conclusion, we proceed to the second step–examining the evidence adduced at trial to decide whether the evidence rationally supports a conviction on the lesser offense.

As noted earlier, the trial court found defendant guilty of the offense of aggravated criminal sexual abuse in violation of section 12–16(c)(1)(i), which provides:

> "the accused was 17 years of age or over and (i) commits an act of sexual conduct with a victim who was under the age of 13 years of age when the act was committed ***." 720 ILCS 5/12–16(c)(1)(i) (West 2000).

In the case at bar, it was established at trial that, at the time of the incident, C.S. was 12 years old and defendant was 49 years old. In addition, C.S. testified that defendant brought her to a secluded spot and told her to sit on a blanket. While she was sitting on the blanket "cross-legged," defendant sat down

next to her, tried to hug her, and then offered to give her money if she would allow him to "touch" her. Despite C.S.'s refusal, defendant pushed her shorts and underwear to the side and then placed his finger in her vagina.

We find from the above evidence a sufficient basis for a conviction on the offense of aggravated criminal sexual abuse. C.S.'s testimony established that defendant touched or fondled her vaginal area. Whether defendant achieved penetration is irrelevant. In addition, the inference that defendant acted for the purpose of sexual gratification or arousal is supported by the evidence. C.S.'s testimony that defendant wanted to "hug" her and offered her money to allow him to touch her, as well as the false statements and differing explanations defendant gave police for his being in a secluded area with C.S., strongly establish that defendant touched C.S. intentionally and for the purpose of defendant's sexual gratification or arousal. Accordingly, we affirm defendant's conviction for aggravated criminal sexual abuse.

## CONCLUSION

The appellate court held that aggravated criminal sexual abuse is a lesser-included offense of predatory criminal sexual assault of a child, as that offense was alleged in defendant's indictment. We affirm that judgment and defendant's conviction.

*Affirmed.*