2025 IL App (1st) 241643

FIFTH DIVISION
December 12, 2025

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-24-1643

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 MC1 186629 |
| | ) | |
| ROBERT ZANIO, | ) | Honorable |
| | ) | Donald D. Panarese, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a bench trial, the trial court found defendant Robert Zanio not guilty of the charged offense of battery, a Class A misdemeanor, and guilty of the uncharged offense of disorderly conduct, a Class C misdemeanor. The court placed Mr. Zanio under one year of supervision and ordered him to pay $500 in restitution to the victim.

¶ 2     On appeal, Mr. Zanio argues that the trial court violated his right to due process by finding him guilty of an uncharged offense. Alternatively, he argues that the State did not prove him guilty beyond a reasonable doubt of disorderly conduct. In the event that we affirm the finding of guilt, Mr. Zanio argues that the trial court erred in *sua sponte* ordering $500 in restitution where no evidence supported an award of that amount. For the following reasons, we find that the trial court

violated Mr. Zanio's right to due process by finding him guilty of disorderly conduct where disorderly conduct was not a lesser-included offense of the charged battery offense and the evidence at trial did not support an acquittal for battery. We therefore reverse his disorderly conduct conviction.

¶ 3                                     I. BACKGROUND

¶ 4      Mr. Zanio was charged with a single count of battery (720 ILCS 5/12-3(a)(2) (West 2020)). The complaint alleged that he "was a teacher at St. Bartholomew Grammer [*sic*] School *** when he grabbed the breast of a student, [A.C.], who was under 13 years of age and did so over her clothing," and that the battery occurred at the school.

¶ 5      At a pretrial hearing, the court, reciting the history of the case to that point, explained that a conference pursuant to Illinois Supreme Court Rule 402(d) (eff. July 1, 2012) had begun and been continued multiple times. The court stated that, on one date during the conference, "the defense *** was no to any kind of an amendment to the charge." The court passed the case, and when it was recalled, the State announced that, besides adding that the alleged incident happened at the school, it would not amend the charges, with the prosecutor explaining that "[her] notes said [the defense] wanted to amend it to a disorderly." Defense counsel then explained that no further Rule 402 conference was necessary as "[t]he whole basis of a 402 is to see if [the State] would amend to a reduced charge." This hearing occurred before Judge Daniel Gallagher, who later recused himself. Judge Donald Panarese was assigned the case and presided over the bench trial.

¶ 6      At Mr. Zanio's bench trial, the State called A.C. as its only witness. She testified that, in September 2021, she was 12 years old and attended middle school at St. Bartholomew. Mr. Zanio was her math teacher. On September 23, 2021, math was her last class of the day. As the students worked on an assignment on their laptops, Mr. Zanio distributed a stack of paper homework

assignments. A.C. approached Mr. Zanio near an empty desk in the back of the classroom and asked to use the bathroom. With one hand, Mr. Zanio put his stack of papers against A.C.'s chest, and with the other he grabbed her left breast through the papers and pushed her backwards two or three feet. The contact lasted two or three seconds, and no other students saw what happened. A.C. froze in shock and felt "uncomfortable" because no one had ever touched her like that. A.C. then went to the bathroom for six or seven minutes. She returned to the classroom, finished her assignment, and had no further interactions with Mr. Zanio. After that class, she left school for the day. During the car ride home, she told her mother what had happened.

¶ 7     On September 28, 2021, A.C. was interviewed at the Child Advocacy Center about the incident with Mr. Zanio. The State published a video clip from the interview, which is included in the record on appeal. In the interview, A.C. states, consistently with her testimony, that she approached Mr. Zanio to ask to use the bathroom as he passed out papers. He "instantly" became upset and said, "Here," holding the stack of papers by a lower corner with one hand and putting it against her chest, which she demonstrates. She also demonstrates how he, through the papers and with his other hand, grabbed her breast, "wrapped" his hand around it so the paper "crinkled," and pushed her back. He then told her to go to the bathroom.

¶ 8     Following A.C.'s testimony, the State rested, and the court denied Mr. Zanio's motion for a directed finding. Mr. Zanio rested without presenting evidence.

¶ 9     After closing arguments, the court stated that A.C. had "testified very credibly, very heroically." It found that Mr. Zanio, who the court noted was 83 years old, pushed A.C. with papers between him and her breast for two or three seconds, which was "insulting, alarming, unreasonable, disturbing, threatening, [and] abusive." The court stated that it did not feel his

conduct amounted to a battery, however, and, instead, entered a guilty finding for disorderly conduct, which was not a charged offense.

¶ 10    Following a sentencing hearing, the court placed Mr. Zanio under one year of supervision and *sua sponte* ordered him to pay $500 in restitution to A.C. for counseling. This appeal follows.

¶ 11                                II. JURISDICTION

¶ 12    Mr. Zanio was placed under supervision on July 29, 2024, and he filed a timely notice of appeal on August 15, 2024. We therefore have jurisdiction over this appeal, pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6), Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. Apr. 15, 2024), and Illinois Supreme Court Rule 604(b) (eff. Apr. 15, 2024), which governs appeals by defendants placed under supervision.

¶ 13                                 III. ANALYSIS

¶ 14    On appeal, Mr. Zanio first argues that the trial court violated his right to due process by finding him guilty of disorderly conduct. He correctly notes that he was never charged with disorderly conduct and that a defendant generally may not be convicted of an uncharged offense because he has a fundamental due process right to notice of the crimes charged. *People v. Clark*, 2016 IL 118845, ¶ 30. An exception to this rule exists, however, if the uncharged offense "is a lesser-included offense of a crime expressly charged in the charging instrument and the evidence adduced at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense." *Id.* Mr. Zanio argues that his conviction does not satisfy the requirements of that exception. We agree and therefore need not reach Mr. Zanio's alternative arguments that the State failed to prove him guilty of disorderly conduct or that the court erred by *sua sponte* ordering him to pay $500 in restitution, where no evidence supported an award of that amount.

¶ 15        A. Disorderly Conduct Is Not a Lesser-Included Offense of the Charged Battery

¶ 16    A lesser-included offense is one proved by the same or less than all the facts, a less culpable mental state, or both, than is required to prove the charged offense. 720 ILCS 5/2-9(a) (West 2020). To determine whether an uncharged offense is a lesser-included offense of a charged offense, our courts use what is called "the charging instrument approach." (Internal quotation marks omitted.) *Clark*, 2016 IL 118845, ¶ 31. We must determine whether the uncharged offense is a lesser-included offense of a charged crime before examining whether the evidence was sufficient to prove the commission of the lesser offense. *People v. Cornejo*, 2020 IL App (1st) 180199, ¶ 81. Our initial focus is solely on the charging instrument; we will not examine the trial evidence, "unless and until it is first decided that the uncharged offense is a lesser-included offense of a charged crime." *People v. Kolton*, 219 Ill. 2d 353, 361 (2006).

¶ 17    Under the charging instrument approach, a lesser offense is included in a charged offense if "the facts alleged in the charging instrument *** contain a broad foundation or main outline of the lesser offense." *Clark*, 2016 IL 118845, ¶ 31. "The charging instrument need not explicitly state all of the elements of the lesser offense ***." *Id.* But, the charging instrument must broadly describe the conduct necessary to commit the lesser offense, and any missing element must be capable of being reasonably inferred from the factual allegations therein. *Id.*; *Kolton*, 219 Ill. 2d at 367. "[T]he overriding constitutional concern when determining whether an offense is lesser included is the sufficiency of the notice to the defendant." *Kolton*, 219 Ill. 2d at 371. The charging instrument should notify both parties of all possible lesser-included offenses, so they can prepare their trial strategies. *Id.* at 361. "Whether an offense is a lesser-included offense of a charged offense is an issue of law that we review *de novo*." *Clark*, 2016 IL 118845, ¶ 32.

¶ 18 Here, the complaint charged Mr. Zanio with battery in that he "was a teacher at St. Bartholomew Grammer [*sic*] School *** when he grabbed the breast of a student, [A.C.], who was under 13 years of age and did so over her clothing," and the battery occurred at the school. It is these allegations that must broadly describe the conduct necessary to commit the offense of disorderly conduct, and all elements of that crime must be specifically alleged or reasonably inferred from these factual allegations.

¶ 19 Disorderly conduct is knowingly acting "in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26-1(a)(1) (West 2020). That Mr. Zanio knowingly acted unreasonably and alarmed or disturbed another can easily be inferred from the factual description of his offense. The more difficult question is whether this same inference can be made as to the necessary element that he provoked a breach of the peace.

¶ 20 As this court has noted, "[t]he term breach of the peace defies easy definition." (Internal quotation marks omitted.) *People v. Allen*, 288 Ill. App. 3d 502, 506 (1997). Intuitively, provoking a breach of the peace may consist of conduct that has an effect on a surrounding crowd. *People v. Pence*, 2018 IL App (2d) 151102, ¶ 17. That clearly does not apply here. Less intuitively, however, provoking a breach of the peace may also consist of conduct that threatens another person, without any necessary impact on a group. *Id.* The threat need not be overt or contain profane, abusive language. *Id.*

¶ 21 Thus, the question here is whether the complaint broadly outlines an allegation that Mr. Zanio's conduct threatened A.C. The State does not argue that the complaint alleges any explicit threat to A.C., only that his conduct was "inherently threatening," given its nature and the power dynamics between Mr. Zanio as a teacher and A.C. as a student. We agree with Mr. Zanio,

however, that neither the statutory language nor established precedent would put him on notice that the conduct charged in the criminal complaint constituted disorderly conduct.

¶ 22    The State cites cases in which the defendant made an actual threat, either direct or implied. For example, in *People v. Davis*, 82 Ill. 2d 534, 536 (1980), our supreme court found a breach of the peace where the defendant entered the home of an 81-year-old woman who had sworn out a criminal complaint against the defendant's brother, waved papers, pointed his finger at her, and said his brother would not go to jail or court and, " 'If he do, Miss Pearl, you know me.' " The appellate court found a breach of the peace in *People v. McLennon*, 2011 IL App (2d) 091299, ¶¶ 35-38, where the defendant yelled and swung his fists at hospital staff, as they attempted to treat him. The complaint here does not include any allegation that could be seen as an overt threat, like in those cases.

¶ 23    The State also cites cases in which a defendant was convicted of disorderly conduct based on actions that were not an overt threat. However, in these cases, the defendant's actions were part of a larger pattern, not an isolated incident. For example, in *People v. Steger*, 2018 IL App (2d) 151197, ¶ 33, the defendant, immediately after being released on charges stemming from a history of tension and conflict with the victims, walked to their house and stood outside for two to five minutes. In *Pence*, 2018 IL App (2d) 151102, ¶ 18, an ostensibly innocuous message to a minor from the adult defendant was threatening because the defendant had previously groomed the minor.

¶ 24    The pattern of harassment in these cases underlies the courts' conclusions that the conduct at issue was a threat. As the court noted in *Steger*, given the "history of tension," "a rational trier of fact could have found that [the] defendant's conduct was unreasonable and threatening to [the victims]." *Steger*, 2018 IL App (2d) 151197, ¶ 33. Likewise, in *Pence*, a rational factfinder could

have found the defendant's "attempt to reconnect with his victim" was threatening. *Pence*, 2018 IL App (2d) 151102, ¶ 18. Here, the allegation in the complaint that Mr. Zanio grabbed A.C.'s breast over her clothing is an allegation about a brief, momentary action. We have found no case, and the State cites none, in which isolated conduct that is not an overt threat satisfies the "breach of the peace" element of disorderly conduct.

¶ 25 The question is not whether a rational factfinder could potentially conclude that the alleged conduct met the elements of disorderly conduct. Rather, since this was not a charged offense, the question is whether Mr. Zanio could reasonably infer from the charging instrument that he could be found guilty of that uncharged offense. See *People v. Baldwin*, 199 Ill. 2d 1, 11 (2002) ("Whether the facts alleged in the charging instrument set forth a broad foundation or main outline of the lesser-included offense is a separate inquiry from whether the facts adduced at trial supported a conviction on the lesser-included charge."); see also *Kolton*, 219 Ill. 2d at 371 (noting that the overriding concern when examining a potential lesser-included offense is the sufficiency of the notice).

¶ 26 Without any specific allegation that Mr. Zanio threatened A.C. or that his grabbing her breast was part of a pattern of harassment or intimidation that became threatening, the complaint's allegations failed to provide sufficient notice to Mr. Zanio that he could be found guilty of disorderly conduct. The trial court therefore violated Mr. Zanio's right to due process by finding him guilty of that uncharged offense, and we must reverse that finding. *Clark*, 2016 IL 118845, ¶ 30.

¶ 27 B. The Evidence Did Not Support an Acquittal on the Charged Battery

¶ 28 The parties' arguments on appeal focus on whether disorderly conduct is a lesser-included offense of the battery with which Mr. Zanio was charged. We have concluded that it was not.

However, even if disorderly conduct was a lesser-included offense here, the exception allowing a conviction on an uncharged offense would still not be satisfied because the evidence at his trial did not rationally support an acquittal on the battery charge. As our supreme court has made clear, a defendant cannot be convicted of an uncharged offense unless "it is a lesser-included offense of a crime expressly charged in the charging instrument and the evidence adduced at trial rationally supports a conviction on the lesser-included offense *and an acquittal on the greater offense*." (Emphasis added.) *Id.*

¶ 29    This same requirement is imposed before jurors can be given an instruction on a lesser-included offense. Our supreme court has made this clear too: "A defendant is entitled to a lesser included offense instruction only if an examination of the evidence reveals that it would permit a jury to rationally find the defendant guilty of the lesser offense yet acquit the defendant of the greater offense." *People v. Hamilton*, 179 Ill. 2d 319, 324 (1997).

¶ 30    These limitations rest on principles of due process and the prescribed role of the factfinder in our criminal justice system. As a leading commentator has explained: "For the trial court to give a lesser offense charge when there is no evidentiary support for the lesser offense is inappropriately to invite the jury to exercise a degree of mercy by finding [the] defendant guilty of a lesser crime, when the proof truly justified conviction as charged." 6 Wayne R. LaFave *et al.*, Criminal Procedure § 24.8(f) (5th ed. Nov. 2025 Update).

¶ 31    This principle, as it applies in a bench trial, was discussed in *Clark.* There, the defendant was charged with aggravated vehicular hijacking while armed with a firearm and armed robbery while armed with a firearm. *Clark*, 2016 IL 118845, ¶ 1. Following a bench trial, the trial court determined that, although the defendant committed the charged conduct, including possessing a firearm, he only used the firearm as a bludgeon. *Id.* Therefore, the court *sua sponte* found the

defendant guilty of aggravated vehicular hijacking and armed robbery while armed with a dangerous weapon *other than a firearm*, offenses with which the defendant had not been charged. *Id.* On appeal, we found the uncharged offenses were not lesser-included offenses of the firearm offenses. *Id.*

¶ 32    The State appealed to the supreme court, which agreed with us that the uncharged offenses were not lesser-included offenses of the charged offenses. *Id.* ¶ 38. The court further explained that if even if it had disagreed, it was still error for the defendant to have been convicted of the lesser offenses because "[t]he evidence overwhelmingly supported convictions on the charged firearm offenses." *Id.* ¶¶ 39-40. Even though the defendant benefitted from the error by being convicted of lesser offenses than the evidence showed he committed, allowing the convictions to stand "would seem to suggest that we condone a kind of mix-and-match, *ad hoc* justice, where the specific convictions of record do not matter." *Id.* ¶ 44. The court also found the error, though forfeited, satisfied the second prong of the plain-error doctrine, and in doing so, it explained that "any conviction ultimately entered should be based upon the evidence, not judicial fiat." *Id.* ¶ 47.

¶ 33    Here, Mr. Zanio was charged with battery for knowingly and without legal justification making physical contact with another that was of "an insulting or provoking nature." 720 ILCS 5/12-3(a)(2) (West 2020). Contact is insulting or provoking when a reasonable person under the circumstances would find it so, an inquiry that focuses on the nature of the contact rather than the actual impact on the victim. *People v. Davidson*, 2023 IL 127538, ¶ 16.

¶ 34    At trial, A.C. testified that, when she was 12 years old, she asked Mr. Zanio, her math teacher, if she could go to the bathroom, and he pushed her and grabbed her breast through a stack of papers. The State played a portion of the interview she completed a few days later, in which her statements were consistent with her trial testimony. After the State rested, the court denied Mr.

Zanio's motion for a directed finding. Following closing arguments, the court stated that A.C. had testified "very credibly, very heroically" and acknowledged that Mr. Zanio pushed A.C. with papers between him and her breast. In doing so, the court recognized that Mr. Zanio's physical contact with A.C. was of an insulting or provoking nature, as it stated the incident was "insulting, alarming, unreasonable, disturbing, threatening, [and] abusive." Nevertheless, it acquitted him of the charged crime of misdemeanor battery.

¶ 35    The evidence simply did not support this acquittal. A.C.'s testimony, which was completely uncontradicted and which the trial court found credible, clearly establishes all the elements of battery. There is no dispute that Mr. Zanio made physical contact with A.C., and Mr. Zanio's contact with A.C. was surely insulting or provoking. Further, no evidence suggests that Mr. Zanio's contact was accidental or refutes the reasonable inference that Mr. Zanio knew his contact with A.C. was insulting or provoking. See 720 ILCS 5/4-5 (West 2020) (a person acts knowingly as to the nature of his conduct when he is consciously aware that his conduct is of that nature, and knowingly as to the result of his conduct when he is consciously aware the result is "practically certain to be caused by his conduct"). Last, there is nothing that suggests any legal justification for the contact Mr. Zanio made with A.C. In short, there was no weakness in the State's case of battery.

¶ 36    Like in *Clark*, the evidence did not support an acquittal on the charged and greater offense, as required. *Clark*, 2016 IL 118845, ¶¶ 30, 39. At oral argument, the State argued that it is not our role to second-guess the trial court's determination that the State failed to prove Mr. Zanio guilty of battery. However, while the *Clark* court did not address our standard of review, even if we assume that we should assess that acquittal under the very deferential manifest weight of the evidence standard, the acquittal could not survive. See *People v. Morgan*, 2025 IL 130626, ¶¶ 20-

21 (questions involving factual findings are generally reviewed under the manifest weight of the evidence standard, which requires the opposite conclusion to be clearly evident or the finding to be unreasonable, arbitrary, or not based on the evidence). It is clear—based on the State's credible, unimpeached evidence—that Mr. Zanio knowingly and without legal justification made physical contact with A.C. of an insulting or provoking nature and therefore committed a battery.

¶ 37 We appreciate that the trial court wanted to give Mr. Zanio the benefit of some grace regarding his conduct. However, the result is that Mr. Zanio has been found guilty of an offense he was not charged with, under circumstances that do not allow for that result. Therefore, we must reverse the trial court's judgment.

¶ 38                                IV. CONCLUSION

¶ 39 For the foregoing reasons, the trial court violated Mr. Zanio's right to due process by finding him guilty of disorderly conduct where it was not a lesser-included offense of the charged battery offense and the evidence did not support an acquittal on the charged offense. We therefore reverse the judgment of the circuit court of Cook County.

¶ 40 Reversed.

---

*People v. Zanio*, **2025 IL App (1st) 241643**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 22-MC1-1866290; the Hon. Donald D. Panarese, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Stephanie M. Glassberg, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (John E. Nowak, Susanna Bucaro, and Margaret A. Hillmann, Assistant State's Attorneys, of counsel), for the People. |

---