# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Kennebrew*, 2013 IL 113998

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. REGINALD KENNEBREW, Appellant. |
| | |
| Docket No. | 113998 |
| | |
| Filed | March 21, 2013 |
| Rehearing denied | May 28, 2013 |
| | |
| Held <br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where an indictment for predatory criminal sexual assault of a child alleged penetration, the gratification-or-arousal element of the uncharged lesser-included offense of aggravated criminal sexual abuse could be inferred; and where the evidence was insufficient to support a jury conviction of the former, the appellate court could properly use the charging instrument approach to reduce it to the latter, despite the defendant's claims of lack of notice and inability to defend—abstract elements approach rejected. |
| | |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Winnebago County, the Hon. Joseph G. McGraw, Judge, presiding. |
| | |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, State Appellate Defender, Karen Munoz, Deputy Defender, and Martin J. Ryan, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Joseph P. Bruscato, State's Attorney, of Rockford (Michael A. Scodro, Solicitor General, and Michael M. Glick and Stephen M. Soltanzadeh, Assistant Attorneys General, of Chicago, of counsel), for the People.

Justices

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Karmeier, and Burke concurred in the judgment and opinion.

Justice Theis dissented, with opinion.

## OPINION

¶ 1    Defendant, Reginald Kennebrew, was convicted of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)), and one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2008)). The appellate court vacated defendant's conviction on count I (predatory criminal sexual assault) due to insufficient evidence. *People v. Kennebrew*, No. 2-09-0754 (2011) (unpublished order under Supreme Court Rule 23). The State filed a petition for leave to appeal to this court. We denied the petition, but entered a supervisory order directing the appellate court to vacate its order and consider whether the evidence on count I was sufficient to sustain a conviction of the uncharged crime of aggravated criminal sexual abuse.

¶ 2    Upon remand, and pursuant to Supreme Court Rule 615(b)(3), the appellate court found the evidence to be sufficient to sustain a conviction of the uncharged crime of aggravated criminal sexual abuse. We granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). For the following reasons, we affirm the judgment of the appellate court.

¶ 3                              BACKGROUND

¶ 4    Defendant was charged by indictment with two counts of predatory criminal sexual assault of a child and one count of aggravated criminal sexual abuse. The charges regarded defendant's conduct with D.C., his stepdaughter, who was nine years old at the time of the acts. Count I charged defendant with predatory criminal sexual assault and alleged that defendant "knowingly committed an act of sexual penetration *** in that the defendant placed his penis in D.C.'s anus." Count II also charged defendant with predatory criminal sexual assault and alleged that defendant placed his finger in D.C.'s vagina. Count III

-2-

charged defendant with aggravated criminal sexual abuse and alleged that defendant touched D.C.'s buttocks with his hand for the purpose of sexual gratification.

¶ 5        At trial, testimony was presented by D.C., D.C.'s cousin Aaliyah, who was 13 at the time, D.C.'s stepmother Cierra Franklin-Cole, child forensic interviewer Marisol Tischman, and Lori Thompson, a registered nurse who had examined D.C. The State first called D.C. to the stand and Assistant State's Attorney Kate Kurtz began questioning D.C. D.C.'s testimony was at times contradictory. After answering Kurtz's preliminary questions, D.C. identified her "private" as the part that no one should touch and stated that her private was used to go to the bathroom. D.C. responded "no" when asked if anyone had touched her on a part of her body that no one should touch.

¶ 6        Kurtz then began questioning D.C. regarding conversations she had had with Aaliyah, Cierra, and Tischman. First, Kurtz asked D.C. if she remembered talking to Tischman when she visited the Carrie Lynn Children's Center. D.C. said yes, but then denied telling Tischman that someone had touched her on a part of her body that no one should touch. In later testimony, D.C. stated that she could not remember what she and Tischman discussed at the Center. Kurtz showed D.C. pictures she had used during her meeting with Tischman. D.C. testified that she remembered using the pictures and identified the circles she had made on the pictures. While looking at the pictures, D.C. testified that she had circled the "loosey and butt" on the picture of a girl and that "loosey" is the same word she uses for "private." When shown the picture of a boy, D.C. stated that she had circled "[t]he parts that no one should touch" and identified these parts as the "butt" and "thing." Kurtz then showed D.C. a picture she drew while at the Center. D.C. testified that it was a picture of her lying on her mother's bed while defendant put lotion on her. When questioned further, D.C. stated that defendant used his hand to put lotion on her private and butt, but said "no" when asked if defendant touched her butt with any other part of his body.

¶ 7        When Kurtz asked D.C. about a conversation she had with her cousin Aaliyah, D.C. admitted to telling Aaliyah that someone touched her on a part of her body that should not be touched, but testified that she did not remember what she told Aaliyah. Kurtz then questioned D.C. about what she had told her stepmother, Cierra. D.C. testified that she told Cierra that someone had touched her in a place that should not be touched, but upon further questioning, D.C. could not recall who she told Cierra had touched her. After this testimony, the court granted the State's request to have the witness be treated as hostile.

¶ 8        The State then called Aaliyah to the stand. Aaliyah testified regarding a conversation she had with D.C. while the two were spending the night together at Aaliyah's house. Aaliyah stated that D.C. told her that defendant used his "private part" to touch her "privacy." Aaliyah also told the court that she asked D.C. if it hurt and D.C. told her "sometimes."

¶ 9        Cierra was called to testify next regarding her conversation with D.C. According to Cierra, Aaliyah had informed Cierra about D.C.'s comments, and Cierra pulled D.C. aside while the family was out to dinner. Cierra asked D.C. where defendant had touched her, and D.C. told Cierra that defendant rubbed his penis up and down D.C.'s bottom when he put lotion on her. D.C. also told Cierra that it "tickled" when his penis was on her bottom.

¶ 10       Lori Thompson next testified regarding the physical examination she performed on D.C.

at the Center. Thompson told the court that during her examination of D.C. she observed a hymenal cleft and some redness. Thompson stated that her findings were consistent with sexual abuse, but acknowledged other possible causes such as masturbation. Thompson found no abnormalities of the anus.

¶ 11    Finally, the State called Tischman to testify about her meeting with D.C. at the Center. The court allowed the State to play a videotape for the jury of Tischman's interview of D.C. at the Center. During the interview, Tischman showed D.C. the pictures of the boy and girl about which D.C. had testified earlier. Consistent with D.C.'s earlier testimony, during the video D.C. identified the "loosey" and "butt" on the girl doll and the "butt" and "thing" on the boy doll as the places "that shouldn't be touched." Tischman then asked D.C. if anyone had touched her on her loosey or butt, and D.C. said yes, that "her little sister's dad" (the defendant) had touched her. D.C. then said that he touched "right there" while pointing to the area she labeled the "butt" on the girl doll. Later during the interview, D.C. said that "he used his thing" to touch the inside of her butt. Tischman asked D.C. to point to his "thing" on the picture and D.C. pointed to the penis area of the doll. D.C. said it felt "not good" and that his "thing" felt "wet and mushy." D.C. also stated that his "thing" never touched her "loosey" or anywhere else on her body.

¶ 12    The court read the jury instructions. As to count I, the jury was instructed to determine whether defendant was guilty of predatory criminal sexual assault of a child when he placed his penis in the anus of D.C. The State did not provide, and the defendant did not request, an instruction on count I for the offense of aggravated criminal sexual abuse.

¶ 13    The jury convicted defendant on all three counts, and defendant appealed his conviction for count I. The appellate court reversed defendant's conviction on count I due to a finding of insufficient evidence. The State filed a petition for leave to appeal to this court arguing that the appellate court erred in finding insufficient evidence and, in the alternative, that the conviction on count I should be reduced to a conviction for the lesser-included offense of aggravated criminal sexual abuse. We denied the petition, but entered a supervisory order directing the appellate court to consider whether the evidence was sufficient to sustain a conviction on the lesser-included offense of aggravated criminal sexual abuse.

¶ 14    On remand, the appellate court considered whether aggravated criminal sexual abuse was a lesser-included offense of predatory criminal sexual assault. The appellate court determined that the charging instrument approach was the proper test to use in determining whether an uncharged offense is a lesser-included offense of a charged offense. Applying this approach, the appellate court concluded that aggravated criminal sexual abuse was a lesser-included offense of predatory criminal sexual assault. Finally, the appellate court found the evidence sufficient to uphold a conviction of aggravated criminal sexual abuse and remanded to the trial court for sentencing. 2012 IL App (2d) 090754-U.

¶ 15                                    ANALYSIS

¶ 16    Defendant argues that the State forfeited its argument that Kennebrew's conviction should be reduced to aggravated criminal sexual abuse because the State failed to charge defendant with this offense, request a jury instruction on this offense, or raise this argument

on appeal in the appellate court. Additionally, defendant challenges the appellate court's reduction of defendant's conviction to aggravated criminal sexual abuse. Defendant argues that the court should apply the abstract elements approach in this case. Under this approach, defendant maintains that aggravated criminal sexual abuse is not a lesser-included offense of predatory criminal sexual assault because aggravated criminal sexual abuse requires an additional showing that the act was done for sexual gratification or arousal. Defendant further contends that his due process rights were violated, as he was not given notice of the charge of aggravated criminal sexual abuse and was not given an opportunity to present a defense on this offense at trial.

¶ 17 The State, however, argues that forfeiture does not apply because the issue was fully briefed and decided by the appellate court in response to this court's supervisory order. Additionally, the State notes that as the prevailing party at trial, it may raise any argument in support of the judgment on appeal. Regarding the merits of the case, the State maintains that the charging instrument approach applies, and notes that under this approach this court has previously held that aggravated criminal sexual abuse is a lesser-included offense of predatory criminal sexual assault. Finally, the State rejects defendant's argument regarding due process, as the indictment in this case gave defendant notice of the potential for a conviction on the lesser offense of aggravated criminal sexual abuse.

¶ 18 Whether an offense is a lesser-included offense of a charged crime is an issue of law that we review *de novo*. *People v. Kolton*, 219 Ill. 2d 353, 361 (2006).

¶ 19 A. Forfeiture

¶ 20 Defendant argues that the State forfeited the argument that the evidence was sufficient to sustain a conviction of the uncharged crime of aggravated criminal sexual abuse. The appellate court found that the State forfeited this argument, but decided to consider the case on its merits due to our supervisory order directing it to consider this issue.

¶ 21 Supreme Court Rule 615(b)(3) provides that "[o]n appeal the reviewing court may *** reduce the degree of the offense of which the appellant was convicted." Ill. S. Ct. R. 615(b)(3). Under Rule 615(b)(3), "[a] reviewing court has the authority to reduce the degree of the offense of which a defendant was convicted when the evidence fails to prove beyond a reasonable doubt an element of the greater offense." *People v. Rowell*, 229 Ill. 2d 82, 98 (2008). "[S]tate and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of a judgment on a lesser-included offense." *People v. Knaff*, 196 Ill. 2d 460, 477-78 (2001). Furthermore, "[t]he authority to order the entry of judgment on the lesser-included offense is both statutory and based on the common law; the constitutionality of the practice has never been seriously questioned." *Id*. at 478.

¶ 22 The appellate court has utilized this discretion under Rule 615(b)(3) to reduce the degree of a defendant's conviction on appeal even when the State did not charge the defendant with the lesser offense at trial. In *People v. Williams*, 267 Ill. App. 3d 870, 878 (1994), the defendant was convicted of possession with intent to deliver more than 100 grams but less than 400 grams of cocaine. On appeal, the court found that the State had not proved beyond

a reasonable doubt that the defendant was in possession of more than 100 grams but less than 400 grams of cocaine. However, the court noted that while a defendant "cannot be convicted of a crime with which he has not been charged, he 'may be convicted of an offense not expressly included in the charging instrument if that offense is a "lesser included offense" of the offense expressly charged.' " *Id*. at 880. The court then reduced the degree of the defendant's conviction to the uncharged offense of possession of more than 15 grams but less than 100 grams of cocaine with intent to deliver. *Id*.

¶ 23    Citing *People v. Crespo*, 203 Ill. 2d 335 (2001), defendant raises policy concerns with allowing the State to make the strategic decision to not include a charge for the lesser offense at trial. In *Crespo*, the defendant stabbed the victim three separate times. *Id*. at 338. The indictment charged defendant with armed violence and aggravated battery, but did not differentiate between the separate stab wounds. *Id*. at 339. Defendant was found guilty of both aggravated battery and armed violence, but argued on appeal that the aggravated battery conviction should be vacated because it stemmed from the same physical act of stabbing that supported the armed violence conviction. *Id*. This court rejected the State's argument on appeal that each stabbing was a separate and distinct act capable of sustaining a separate conviction on its own. *Id*. at 343-44. Instead, this court held that the prosecution must indicate in the indictment whether it intends to treat the defendant's actions as multiple acts in order to sustain multiple convictions. *Id*. at 345. Applying *Crespo*, defendant argues that the State should not be able to change its theory of the case on appeal. We find *Crespo* to be inapplicable. Defendant's reading of *Crespo* is too broad as its decision regarding multiple convictions is unrelated to our analysis of whether the degree of an offense may be reduced upon appeal. As noted above, Rule 615(b)(3) has long allowed the appellate court to reduce the degree of an offense on appeal. *People v. Rowell*, 229 Ill. 2d 82, 97-98 (2008).

¶ 24    Furthermore, policy concerns arise with defendant's contention that the State forfeited its argument regarding the offense of aggravated criminal sexual abuse. As this court stated in *People v. Knaff*, 196 Ill. 2d 460, 473 (2001) (quoting *People v. Garcia*, 188 Ill. 2d 265, 282 (1999)), "the State clearly 'has no legitimate interest in obtaining a conviction for a crime greater than that warranted by the evidence, but neither does the defendant have a right to an acquittal when the evidence, although not sufficient to establish the greater crime, is sufficient to establish a lesser included offense.' " In *Knaff*, this court rejected the defendant's argument that the State made a strategic decision to "go for a home run" when the State initially dismissed the lesser-offense charges, but then sought an instruction on the lesser-included offense after the conclusion of evidence. Unlike the present case, the State in *Knaff* had informed the court and defense counsel that if its evidence appeared weak at trial, it would submit the lesser offense to the jury. The policy behind *Knaff* still applies here, however, as it would be unjust for the defendant to obtain an acquittal, after the jury found him guilty of the greater offense, merely because the trial court erred in failing to find that the evidence was insufficient to sustain a conviction of the greater offense. As discussed below, the indictment gave defendant in this case notice of the potential of a conviction on the lesser-included offense of aggravated criminal sexual abuse.

¶ 25    Rule 615(b)(3) provides the appellate court with broad authority to reduce the degree of a defendant's conviction, even when the lesser offense is not charged and the State did not

request an instruction on the lesser offense at trial. Likewise, it is within this court's authority to utilize Rule 615(b)(3) to reduce the degree of a defendant's conviction. Certainly, this case involves a very specific set of facts, but we were within our authority to enter a supervisory order directing the appellate court to consider utilizing Rule 615(b)(3) to consider reducing the degree of defendant's conviction rather than allowing for a complete acquittal on the charge and we reject defendant's argument that the State forfeited the issue.

¶ 26                                      B. Lesser-Included Offense

¶ 27        We next consider the appellate court's determination that the evidence was sufficient to sustain a conviction of the uncharged offense of aggravated criminal sexual abuse. The State does not dispute that aggravated criminal sexual abuse is not a lesser-included offense under the abstract elements approach. Furthermore, defendant does not contest that aggravated criminal sexual abuse is a lesser-included offense under the charging instrument approach. Therefore, the only remaining issue in this case is whether the appellate court was correct in applying the charging instrument approach when the jury had not considered the offense of aggravated criminal sexual abuse at trial.

>   "A defendant in a criminal prosecution has a fundamental due process right to notice of the charges brought against him. [Citation.] For this reason, a defendant may not be convicted of an offense he has not been charged with committing. [Citations.] A defendant may, however, be convicted of an uncharged offense if it is a lesser-included offense of a crime expressly charged in the charging instrument [citation], and the evidence adduced at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense [citation]." *People v. Kolton*, 219 Ill. 2d at 359-60.

See also *People v. Novak*, 163 Ill. 2d 93, 105 (1994).

¶ 28        Section 2-9(a) of the Criminal Code defines a lesser-included offense as one that "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2-9 (West 2008). This statutory definition provides little guidance, as it fails to "specify what source to examine in deciding whether a particular offense is a lesser included offense of another." *People v. Miller*, 238 Ill. 2d 161, 166 (2010) (citing *People v. Novak*, 163 Ill. 2d at 106). There are three methods for determining whether an offense is a lesser-included offense of another: (1) the "abstract elements" approach; (2) the "charging instrument" approach; and (3) the "factual" or "evidence" adduced at trial approach. *People v. Miller*, 238 Ill. 2d at 166; *People v. Novak* 163 Ill. 2d at 106.

¶ 29        The abstract elements approach is considered to be the strictest approach. *People v. Miller*, 238 Ill. 2d at 166; *People v. Novak*, 163 Ill. 2d at 106. Under this approach, "[i]f all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *People v. Miller*, 238 Ill. 2d at 166. "[I]t must be impossible to commit the greater offense without necessarily committing the lesser offense." *Id*.

¶ 30        Under the charging instrument approach, known as the intermediate approach, the lesser

offense need not be a "necessary" part of the greater offense, but the facts alleged in the charging instrument must contain a "broad foundation" or "main outline" of the lesser offense. *People v. Miller*, 238 Ill. 2d at 166; *People v. Kolton*, 219 Ill. 2d at 361; *People v. Novak*, 163 Ill. 2d at 107. "The indictment need not explicitly state all of the elements of the lesser offense as long as any missing element can be reasonably inferred from the indictment allegations." *People v. Miller*, 238 Ill. 2d at 166-67. There are two steps to the charging instrument approach. First, the court determines whether the offense is a lesser-included offense. Next, the court examines the evidence at trial to determine whether the evidence was sufficient to uphold a conviction on the lesser offense. *People v. Kolton*, 219 Ill. 2d at 361.

¶ 31       The "factual" or "evidence" approach is the most lenient. "[T]he court looks to the facts adduced at trial to determine whether proof of the greater offense necessarily established the lesser offense." *People v. Miller*, 238 Ill. 2d at 167; *People v. Kolton*, 219 Ill. 2d at 360.

¶ 32       This court has held that the charging instrument approach applies when determining whether an uncharged offense is a lesser-included offense of a charged offense. *People v. Kolton*, 219 Ill. 2d at 362-63; *People v. Novak*, 163 Ill. 2d at 113-14. In *Novak*, the defendant was charged and convicted of aggravated criminal sexual assault after the trial judge refused to instruct the jury on the uncharged offense of aggravated criminal sexual abuse. *People v. Novak*, 163 Ill. 2d at 97-98. This court noted that "[t]he charging instrument approach best serves the purposes of the lesser-included offense doctrine." *Id*. at 112-13. Applying this approach, this court found that aggravated criminal sexual abuse was not available to the defendant as a lesser-included offense of aggravated criminal sexual assault. *Id*. at 113-14. Comparing the elements of the two crimes, the court noted that aggravated criminal sexual abuse requires a showing of "sexual conduct" while aggravated criminal sexual assault requires a showing of "sexual penetration." *Id*. at 114-15. This court found that the statutory definition of "sexual penetration," unlike "sexual conduct," did not require a showing that the act was done for sexual gratification or arousal. *Id*. at 115. Citing this difference, this court concluded that the indictment's charge of aggravated criminal sexual assault did not give notice to defendant of the charge of aggravated criminal sexual abuse. *Id*. at 115.

¶ 33       In *People v. Kolton*, this court carefully reconsidered the court's resolution in *Novak*. The defendant in *Kolton* was charged with predatory criminal sexual assault of a child. *People v. Kolton*, 219 Ill. 2d at 356. After a bench trial, the trial court concluded that there was insufficient evidence to show the "intrusion" required for predatory criminal sexual assault. *Id*. The trial court, however, found the evidence to be sufficient to convict defendant of the lesser-included offense of aggravated criminal sexual abuse. *Id*. On appeal, this court determined whether aggravated criminal sexual abuse of a child was a lesser-included offense of predatory criminal sexual assault of a child. Citing policy concerns stated in the *Novak* decision, this court noted that "[b]ecause the charging instrument provides the parties with a closed set of facts, both sides have notice of all possible lesser-included offenses so that they can plan their trial strategies accordingly." *Id*. at 361 (citing *People v. Novak*, 163 Ill. 2d at 113). Furthermore, the charging instrument approach "tempers harsh mechanical theory with the facts of a particular case," "results in a broader range of possible lesser included offenses," and, thus, "supports the goal of more accurately conforming punishment to the crime actually committed." (Internal quotation marks omitted.) *Id*. (quoting *People v.*

*Novak*, 163 Ill. 2d at 112-13).

¶ 34     In *Kolton*, we reinforced the decision in *Novak* to apply the charging instrument approach when determining whether an uncharged offense is a lesser-included offense of a charged offense. *Id*. at 364. However, we also rejected this court's narrow application of the charging instrument approach in *Novak*. In *Kolton*, we held that "the absence of a statutory element will not prevent us from finding that a charging instrument's description contains a 'broad foundation' or 'main outline' of the lesser offense." *Id*. Instead, this court held that "under the charging instrument approach, an offense may be deemed a lesser-included offense even though every element of the lesser offense is not explicitly contained in the indictment, as long as the missing element can be reasonably inferred." *Id*. In sum, an offense is a lesser-included offense under the charging instrument approach if every element of the uncharged offense is contained in the indictment or if any element not listed in the indictment can be reasonably inferred from the indictment allegations.

¶ 35     Applying this new standard, we looked to the statutory definition of the offense of aggravated criminal sexual abuse and determined whether the indictment's charge of predatory criminal sexual assault alleged facts containing a broad foundation or main outline of this offense. *Id*. at 367-68. We concluded that the indictment language provided a broad foundation or main outline of the offense of aggravated criminal sexual abuse. We noted that "[b]oth 'sexual conduct' and 'sexual penetration' describe intentional acts of a sexual nature," and that the language "an 'intrusion of [defendant's] finger into [the victim's] vagina' " from the indictment fell within the definition of "sexual conduct." *Id*. at 369.

¶ 36     We found that although the indictment did not allege that defendant acted for the purpose of sexual gratification or arousal, it could be reasonably inferred from the indictment. We noted that the sexual act included in the indictment was "inherently sexual in nature and permits such an inference to be drawn." *Id*. We acknowledged that in some cases it would be unreasonable to infer such elements. However, we held that "where the indictment alleges 'sexual penetration,' " but does not explicitly allege that the acts were done for the purpose of sexual gratification or arousal, this fact will not prevent us from inferring such a purpose. *Id*. at 370. Specifically we noted that "where a defendant is charged with predatory sexual assault of a child based on certain acts of sexual penetration, the defendant clearly has reasonable notice that such a charge might encompass the lesser offense of criminal sexual abuse." *Id*. at 371.

¶ 37     Applying *Kolton* to this case, we first determine whether every element necessary to establish the crime of aggravated criminal sexual abuse was alleged in the indictment, and if not, whether any element not explicitly set forth in the indictment can reasonably be inferred from the indictment. Defendant's indictment for count I reads: "Reginald Kennebrew committed the offense of predatory criminal sexual assault of a child, in that said defendant *** knowingly committed an act of sexual penetration *** in that the defendant placed his penis in D.C.'s anus." Like the indictment in *Kolton*, this indictment specifically alleges sexual penetration and also states that defendant placed his penis in the victim's anus. Because sexual penetration was alleged, we can infer that the act was done with the purpose of sexual gratification or arousal. Thus, defendant had reasonable notice of the potential for a conviction of aggravated criminal sexual abuse.

¶ 38   Most recently, in *People v. Miller*, 238 Ill. 2d 161 (2010), we distinguished the approach that applies when determining whether an uncharged offense is a lesser-included offense of a charged crime from the approach that applies when determining whether a charged offense is a lesser-included offense of another charged offense under the one-act, one-crime doctrine. We adopted the reasoning of the California Supreme Court in *People v. Reed*, 137 P.3d 184 (Cal. 2006), and held that while the charging instrument approach applied with uncharged offenses, there was "no reason to apply the charging instrument approach when a defendant is charged with multiple offenses and the issue is whether *** one offense is a lesser-included offense of the other." *People v. Miller*, 238 Ill. 2d at 173.

¶ 39   Defendant argues that the United States Supreme Court applies the federal equivalent of the abstract elements approach for double jeopardy purposes and therefore the same approach should apply when considering due process concerns, as in this case. *Schmuck v. United States*, 489 U.S. 705, 716-21 (1989). The United States Supreme Court, however, noted that "the States have adopted a variety of approaches." *Hopkins v. Reeves*, 524 U.S. 88, 96 n.6 (1998) (discussing the approaches used by Washington, Michigan, and Idaho). Furthermore, in *Miller* this court considered the approaches taken by other states, including California, Florida, and Arizona. *People v. Reed*, 137 P.3d 184 (Cal. 2006); *State v. Baker*, 456 So. 2d 419 (Fla. 1984); *Lemke v. Rayes*, 141 P.3d 407 (Ariz. Ct. App. 2006). Each of the states discussed in *Miller* applies the charging instrument approach in the context of uncharged offenses. As a matter of state law, Illinois has chosen to apply the charging instrument approach where the lesser-included offense was uncharged. *People v. Kolton*, 219 Ill. 2d 353 (2006).

¶ 40   Considering *Novak*, *Kolton*, and *Miller* together, the distinction between uncharged offenses and multiple charged offenses is essential to determining the proper approach in this case. As defendant has not raised any one-act, one-crime or double jeopardy concerns, *Miller* suggests that the charging instrument approach is appropriate in determining whether the uncharged offense of aggravated criminal sexual abuse is a lesser-included offense of the charged crime of predatory criminal sexual assault.

¶ 41   Prior decisions by this court make it clear that the charging instrument approach is the proper approach when determining whether an uncharged offense is a lesser-included offense of a charged offense. Defendant, however, argues that this case presents a different issue. According to defendant, our focus should be on determining which approach applies where the trier of fact never considered the uncharged offense at trial. In this case, no jury instruction was given regarding, nor did the jury consider, whether defendant was guilty of aggravated criminal sexual abuse. Rather, the appellate court reviewed the record and determined the evidence to be sufficient to support a conviction of aggravated criminal sexual abuse. We now consider the significance of the fact that defendant was not given an opportunity to defend against, and the jury did not consider, the crime of aggravated criminal sexual abuse at trial.

¶ 42   Defendant distinguishes the present case from our decision in *Kolton*. In *Kolton*, the lesser-included offense conviction was rendered by the trial judge, who had the opportunity to hear and weigh the witness testimony. On the contrary, here the jury never considered the issue of sexual conduct as an element of the offense of aggravated criminal sexual abuse.

Defendant argues that this procedural distinction from *Kolton* is significant enough to warrant the application of the stricter abstract elements approach. Defendant also argues that this court, in *Miller*, limited the application of the charging instrument approach to cases where a lesser-included offense jury instruction of an uncharged crime is requested at trial or where a trial judge finds the defendant guilty of the uncharged crime during a bench trial. According to defendant, the present case does not fall into either category, as defendant did not seek a jury instruction on the offense, nor did the trial judge find defendant guilty of the uncharged crime. Finally, defendant argues that by rendering the verdict on the crime of aggravated criminal sexual abuse, the appellate court violated defendant's right to defend himself against each element of the crime.

¶ 43    First, we consider whether the fact that the jury did not consider the element of "sexual conduct" justifies the application of the stricter abstract elements approach. As discussed above, the element of "sexual conduct" can properly be inferred from the indictment language detailing sexual penetration. The jury also considered all of the evidence and found defendant guilty of the greater offense. It found that defendant committed "sexual penetration" by inserting his penis into D.C.'s vagina. This eliminates defendant's concerns regarding the appellate court acting as the "trier of fact," as the jury itself considered the issue of sexual penetration, from which sexual conduct can be inferred. Furthermore, defendant's argument raises policy concerns. Defendant asks for a complete acquittal on count I after the jury found him guilty of the greater offense. As this court noted in *People v. Knaff*, the defendant has no right to an acquittal when the evidence, while insufficient to establish the greater offense, is sufficient to establish the lesser offense. To do otherwise would be unjust. *People v. Knaff*, 196 Ill. 2d at 473. Therefore, defendant's assertion that the appellate court rendered a verdict on an additional element not considered by the jury is unsupported.

¶ 44    In addition to arguing that the procedural distinction between *Kolton* and this case warrants application of the abstract elements approach, defendant also contends that although Rule 615(b)(3) authorizes the appellate court to reduce the degree of the charge, it does not permit the appellate court to decide an additional element that was not presented to the jury. Defendant cites *People v. Williams*, 267 Ill. App. 3d 870 (1994), and *People v. Wagner*, 189 Ill. App. 3d 1041 (1989), in support of his point that the appellate court has not used Rule 615(b)(3) to render a verdict on an additional element not included in the charged offense. In *Williams* and *Wagner*, the appellate court had reduced the defendant's conviction to the lesser-included offense where the State had proved each element of the lesser-included offense beyond a reasonable doubt. Likewise, in this case, the jury found defendant guilty of the crime of predatory criminal sexual assault, which required a finding of "sexual penetration." As discussed above, "sexual conduct" as required for aggravated sexual criminal abuse can be inferred from the indictment language alleging predatory criminal sexual assault. Therefore, the elements considered by the jury regarding the crime of predatory criminal sexual assault encompassed the elements of the crime of aggravated criminal sexual abuse, including the element of "sexual conduct." Thus, contrary to defendant's argument, the appellate court here did not render a verdict on an additional element not considered by the jury. Furthermore, nothing in the language of Rule 615(b)(3)

suggests that the court should apply a different approach when the lesser-included offense conviction is entered by the appellate court rather than at the trial court level.

¶ 45    Defendant is correct that, in *Miller*, this court concluded that the stricter abstract elements approach was appropriate in cases implicating the one-act, one-crime doctrine. However, the court in *Miller* at no point implicitly or explicitly limited the charging instrument approach to only cases where the defendant sought a lesser-included offense jury instruction of an uncharged crime or where the trial judge found the defendant guilty of an uncharged crime after a bench trial. The court, rather, focused on distinguishing between uncharged crimes and instances of multiple offenses. Its holding is limited to finding "no reason to apply the charging instrument approach when a defendant is charged with multiple offenses and the issue is whether *** one offense is a lesser-included offense of the other." *People v. Miller*, 238 Ill. 2d at 173. Defendant's attempt to use *Miller* to limit the application of the charging instrument approach is unpersuasive.

¶ 46    Defendant also argues that the appellate court's verdict precluded him from the right to provide a defense on each element of the crime of aggravated criminal sexual abuse. He cites the United States Supreme Court decision in *Cole v. Arkansas*, 333 U.S. 196 (1948), in support of this argument. In *Cole*, the defendants were found guilty at trial of violating section 2 of Act 193 of the Arkansas legislature for promoting an unlawful assemblage near a labor dispute. The Arkansas Supreme Court affirmed the conviction finding that defendants violated only section 1 of the same act, which made it unlawful to use force or violence to prevent another person from engaging in a lawful vocation. The United States Supreme Court overturned the conviction, finding that defendant had been tried and convicted on section 2, not on section 1. The United States Supreme Court stated that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Id*. at 201.

¶ 47    As we noted above, "although a person cannot be convicted of an offense he has not been charged with committing, a defendant may be convicted of an offense not expressly included in the charging instrument if that offense is a lesser-included offense of the crime expressly charged." *People v. Knaff*, 196 Ill. 2d at 472. *Cole* is unpersuasive in our analysis, as we have concluded that the uncharged offense of aggravated criminal sexual abuse is a lesser-included offense of predatory criminal sexual assault. In *Cole*, on the contrary, the offense charged was a separate and distinct crime from the conviction entered by the Arkansas Supreme Court.

¶ 48    Furthermore, in *Kolton*, the trial court reduced the charge after the bench trial was over and evidence had been fully submitted. Like the defendant in the present case, the defendant in *Kolton* had no opportunity to be heard on the issue of the lesser-included offense. Here, defendant had the opportunity to defend against the charge of predatory criminal sexual assault, and this opportunity presented him with notice of the possible charge of, and the opportunity to defend against, the crime of aggravated criminal sexual abuse. Thus, defendant's argument that his constitutional right to be heard on the offense of aggravated criminal sexual abuse was violated is unsupported and does not constitute the application of

the stricter abstract elements approach.

¶ 49      Both parties also discuss the recent California Supreme Court decision in *People v. Bailey*, 279 P.3d 1120, 1122 (Cal. 2012). In *Bailey*, the court considered whether the appellate court could reduce a conviction of escape from prison to attempt to escape after concluding that there was insufficient evidence to support the jury's conviction on the escape charge.[1] *Id*. As with the present case, the jury had not been instructed on the lesser crime. *Id*. In its analysis, the court considered whether to apply the " 'elements' test" (equivalent to our abstract elements approach) or the " 'accusatory pleading' test" (equivalent to our charging instrument approach). *Id*. at 1124. The court noted that the accusatory pleading test only applied when determining whether the defendant received adequate notice of, and the chance to defend against, an uncharged crime. *Id*. at 1127. The elements test, rather, only applied when "[c]oncerns about notice are irrelevant," such as when considering multiple convictions of charged offenses. (Internal quotation marks omitted.) *Id*. In *Bailey*, the attorneys representing both parties had discussed giving an instruction on the crime of attempt to escape with the court, but had agreed not to give the instruction. *Id*. at 1123. Therefore, the court "assume[d] that defendant received adequate notice of an attempt to escape charge" and applied the elements test. *Id*. at 1127.

¶ 50      The California Supreme Court concluded that attempt to escape was not a lesser-included offense of escape because attempt contained a specific intent element not present in the crime of escape. *Id*. Although escape required only general criminal intent, attempt to escape required that the prosecution establish that the defendant had the specific intent to avoid further confinement. *Id*. at 1125. Because the jury had not made a finding on the specific element of intent, the court found that the appellate court did not have the authority to convict the defendant of attempt to escape. *Id*. at 1127.

¶ 51      Defendant argues that *Bailey* supports his position. In the present case, however, defendant focuses on his lack of notice of, and opportunity to defend against, the possible conviction of aggravated criminal sexual abuse. The court in *Bailey* specifically noted that it was applying the elements test only because there were no notice or due process issues in that case. Therefore, the application of the elements test in *Bailey* is unpersuasive. Furthermore, the California Supreme Court made it clear that the only reason the appellate court lacked the authority to reduce the charge was because the uncharged offense had a specific intent element not included in the charged offense. Here, the allegations of sexual penetration in defendant's indictment made it reasonable for the element of "sexual conduct" required for aggravated criminal sexual abuse to be inferred. Therefore, defendant's analysis of *Bailey* is unpersuasive.

---

[1]California's Penal Code is comparable to Illinois Supreme Court Rule 615(b)(3): "When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the case may be appealed." Cal. Pen. Code § 1181(6) (West 2004).

¶ 52                                        CONCLUSION

¶ 53      The procedural distinction between the trier of fact rendering a verdict on a lesser-included offense and the appellate court rendering a conviction of a lesser-included offense is insufficient to implicate the stricter abstract elements approach. *Kolton* shows us that the element of "sexual conduct" can be properly inferred from the element of "sexual penetration." Therefore, there is no concern here that defendant lacked notice of the potential charge of aggravated criminal sexual abuse. Furthermore, defendant had a full opportunity to defend against the element of sexual penetration at trial. We hold that the charging instrument approach applies when, under Rule 615(b)(3), the appellate court convicts the defendant of an uncharged offense not considered by the trier of fact, and the defendant had sufficient notice of the uncharged offense. Sufficient notice can be achieved if the indictment included allegations of each element of the uncharged offense, or if any missing elements can be reasonably inferred from the indictment allegations.

¶ 54      Neither party disputes that aggravated criminal sexual abuse is a lesser-included offense of predatory criminal sexual assault under the charging instrument approach, and defendant does not challenge the appellate court's finding that the evidence was sufficient to sustain a conviction of aggravated criminal sexual abuse. Therefore, we affirm the appellate court's judgment, which remanded the cause to the trial court for sentencing on the lesser-included offense of aggravated criminal sexual abuse.


¶ 55      Affirmed.


¶ 56      JUSTICE THEIS, dissenting:

¶ 57      In 2011, I joined the court's supervisory order, which denied the State's petition for leave to appeal, but remanded this cause to the appellate court with directions to vacate its initial order and consider whether the evidence on count I was sufficient to support a conviction for the uncharged, lesser-included offense of aggravated criminal sexual abuse. See People v. Kennebrew, No. 112472 (Sept. 28, 2011) (supervisory order). I believe that the supervisory order was unwise, and that today's decision, which flows from that order, is incorrect.

¶ 58      Generally, issues not raised in the trial court are considered forfeited on appeal, and that rule applies to both the State and the defendant in a criminal case. *People v. Hawkins*, 181 Ill. 2d 41, 54 (1998) (citing *People v. O'Neal*, 104 Ill. 2d 399, 407 (1984)). Here, the parties agree that aggravated criminal sexual abuse may be a lesser-included offense of predatory criminal sexual assault, where the charging instrument alleges sexual penetration. See *People v. Kolton*, 219 Ill. 2d 353, 370-71 (2006). But the parties also agree that the State did not charge the defendant with aggravated criminal sexual abuse for the conduct at issue in count I, did not request a lesser-included offense instruction for that conduct, did not mention a possible lesser-included offense for that conduct in its response brief before the appellate court, and waited nearly a year and a half after the jury's verdicts to raise that issue in its petition for leave to appeal.

¶ 59      In a section of its petition titled "POINTS RELIED UPON IN SEEKING REVIEW," the State asserted for the first time in this case that even if the evidence was insufficient on count

-14-

I, "then defendant was still proven guilty of a crime—aggravated criminal sexual abuse to a child—so his conviction on count one should have been modified to the later; see Ill. Sup. Ct R. 615(b)(3)." The State's only argument on this point came at the end of its petition, where it asserted:

> "If, however, this Court determines the evidence was insufficient to prove the charge of predatory criminal sexual assault, then the People respectfully request this Court to exercise its supervisory authority and direct the appellate court to reconsider this case in light of *People v. Kolton*, 219 Ill. 2d 353 (2006) to determine whether the evidence sufficiently proved defendant guilty of the crime of aggravated criminal sexual abuse to a child (720 ILCS 5/12-16(c)(1)(i))."

The State did not inform us that it failed to present this argument to either the trial court, or the appellate court in response to the defendant's assertion the evidence on count I was insufficient to convict him of predatory criminal sexual assault of a child. Further, although the State cited *Kolton*, it offered no case law to support our use of Rule 615(b)(3) to reduce the degree of a conviction at the State's behest, where it failed to make that argument as the appellee below. See Ill. S. Ct. R. 315(c)(5) (eff. Feb. 26, 2010) ("The petition for leave to appeal shall contain *** a short argument (including appropriate authorities) stating why review by the Supreme Court is warranted and why the decision of the Appellate Court should be reversed or modified ***."); *People v. Campa*, 217 Ill. 2d 243, 269 (2005) (holding that a party must, *inter alia*, "provide citation to legal authority *** in the petition for leave to appeal"); *People v. Carter*, 208 Ill. 2d 309, 318-19 (2003).

¶ 60 To some extent, the appellate court felt its hands were tied following our supervisory order. The appellate court agreed with the defendant that the State had forfeited its lesser-included offense argument:

> "We acknowledge defendant's argument that the State's course of action in this case is undesirable as it failed to raise this issue in the trial court, this court, and failed to mention these facts in its petition to the supreme court. We admonish the State that it should not rely on reviewing courts relaxing the application of forfeiture in future cases. Despite the State's failure to mention its forfeiture in its petition to the supreme court, we presume the supreme court knew the issue was not presented to us given the fact our earlier Rule 23 order did not address or mention the issue." 2012 IL App (2d) 090754-U, at ¶ 49.

The appellate court excused the State's forfeiture and considered the merits of its argument, primarily out of deference to our supervisory order. *Id.*; see also *supra* ¶ 20 ("The appellate court found that the State forfeited this argument, but decided to consider the case on its merits due to our supervisory order directing it to consider this issue.").

¶ 61 The majority rejects the defendant's forfeiture argument. *Supra* ¶ 25. I disagree with the majority. Certainly, "[w]here the trial court is reversed by the Appellate Court and the appellee in that court brings the case here for further review, he may raise any questions properly presented by the record to sustain the judgment of the trial court, even though those questions were not raised or argued in the Appellate Court." *Mueller v. Elm Park Hotel Co.*, 391 Ill. 391, 399 (1945); accord *People v. Artis*, 232 Ill. 2d 156, 164 (2009); *People v.*

*Donoho*, 204 Ill. 2d 159, 169 (2003); *People v. Schott*, 145 Ill. 2d 188, 201 (1991). But this rule is unavailable to the State. On count I the jury convicted the defendant of predatory criminal sexual assault of a child, and the trial court entered judgment on that verdict. The State, in its petition for leave to appeal, did not raise the lesser-included offense issue to sustain the trial court's actual judgment on count I, but to replace that judgment with an entirely different, hypothetical one convicting the defendant of an uncharged, lesser-included offense.

¶ 62   The State had every opportunity to charge the defendant with the lesser-included offense of aggravated criminal sexual abuse regarding the conduct at issue in count I, as well as every opportunity to request an instruction on that offense. The State chose not to do so, opting instead for an all-or-nothing approach. This approach continued on appeal, and only gave way when the State lost and the appellate court vacated the defendant's conviction and sentence on count I. Rule 615(b)(3) allows us to reduce the degree of the offense of which the defendant has been convicted. Ill. S. Ct. R. 615(c)(3). But our authority under that rule should be exercised with caution and circumspection, particularly where "neither side desired to allow the jury to consider a lesser alternative to the charged violation." *People v. Barnett*, 2011 IL App (3d) 090721, ¶ 42.

¶ 63   The majority cites *People v. Knaff*, 196 Ill. 2d 460, 473 (2001), for the proposition that a defendant has no right to an acquittal when the evidence is insufficient to prove guilt of a greater offense, but sufficient to prove guilt of a lesser-included offense. In *Knaff*, the defendant was charged with two counts of unlawful delivery of a controlled substance near pubic housing and two counts of the lesser-included offense of unlawful delivery of a controlled substance. Prior to jury selection, the State dismissed the lesser-included offense charges, and the case proceeded to trial on the greater offense charges. After the State rested, the trial court granted the defendant's motion for a directed verdict because the evidence was insufficient to prove the location elements of the greater offenses. The trial court found that the evidence was sufficient to prove the lesser-included offenses, and allowed the State to amend the indictment. The trial court submitted the case to the jury on those offenses, and the defendant was convicted. We held that the trial court did not err in allowing the State to amend the indictment and in submitting the case to the jury because the defendant had notice of the lesser-included offense charges. *Id.* at 473.

¶ 64   The majority notes that *Knaff* is inapposite because there the State raised the lesser-included offense issue before the trial court. The majority refers, instead, to "[t]he policy behind *Knaff*" that "it would be unjust for the defendant to obtain an acquittal, after the jury found him guilty of the greater offense, merely because the trial court erred in failing to find that the evidence was insufficient to sustain a conviction of the greater offense." *Supra* ¶ 24. Here, the State has never asserted that the trial court erred, and presumably feels that the defendant was properly convicted of predatory criminal sexual assault of a child. The problem then is not the trial court's error, but the State's reluctance to consider a lesser-included offense before it sought our review. It would be unjust for us to ignore the State's decision and rescue it from its trial strategy because doing so would encourage the State to wait without risk before seeking a conviction on a lesser-included offense. This court should not have entered a supervisory order, and simply should have denied the State's petition.

¶ 65 In closing, I note that at least the majority seems to acknowledge that the impact of today's holding will be limited due to the unique history of this case. *Supra* ¶ 25 ("this case involves a very specific set of facts"). Nothing in the majority's opinion should be construed as a cue to lower courts to begin scouring records, looking for uncharged lesser-included offenses of which defendants may be guilty. See *People v. Givens*, 237 Ill. 2d 311, 324 (2010) (" 'Courts do not, or should not, sally forth each day looking for wrongs to right.' " (quoting *Greenlaw v. United States*, 554 U.S. 237, 244 (2008))).

¶ 66 For these reasons, I dissent.