NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230271-U

NO. 4-23-0271

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 27, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| EZEKIEL N. JACKSON, | ) | No. 21CF344 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding (1) the trial court did not err in refusing to instruct the jury on the lesser-included offense of aggravated assault and (2) defendant's trial counsel was not ineffective for failing to raise the issue in a posttrial motion.

¶ 2    Following a May 2022 jury trial, defendant, Ezekiel N. Jackson, was convicted of one count of aggravated battery to a correctional officer (720 ILCS 5/12-3.05(d)(4)(i) (West 2020)). The trial court sentenced defendant to five years' imprisonment to be served at 50%, followed by one year of mandatory supervised release. Defendant appeals, arguing (1) the court erred in refusing to instruct the jury on the lesser-included offense of aggravated assault and (2) his trial counsel was ineffective for failing to raise the issue in a posttrial motion. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On April 22, 2021, while incarcerated in the Sangamon County jail, defendant threw a cup of urine onto Devon Ritz, a correctional officer. On May 21, 2021, the State charged defendant by information with one count of aggravated battery to a correctional officer (720 ILCS 5/12-3.05(d)(4)(i) (West 2020)). In May 2022, defendant, *pro se*, proceeded to a jury trial.

¶ 5                    A. The State's Evidence

¶ 6                    1. *The Testimony of Officer Devon Ritz*

¶ 7        Officer Ritz testified he was assigned to Block B at the Sangamon County jail on April 22, 2021. At approximately 4 p.m., he performed a cell check in Block B, where defendant was housed. Ritz explained there is a food slot in the door of an inmate's cell and the slot is large enough for an inmate to put their hand or arm through. When Ritz was walking towards defendant's cell, the food slot was open and defendant "said something along the line of like, I got something for your b*** a***." Ritz interpreted this as a threat. Ritz stepped back from defendant's cell and defendant said, "I'm just messing with you man. Just messing with you." Shortly thereafter, Ritz began walking towards defendant's cell so he could close the food slot with his foot. Defendant reached his arm through the food slot with a clear plastic cup and threw urine on the front of Ritz's uniform. Ritz could tell the substance was urine because it was yellow and had a strong odor. No other officers were present during this incident.

¶ 8                    2. *The Testimony of Officer Jack Miller*

¶ 9        Officer Jack Miller testified he was called to assist with a disturbance in Block B at approximately 4 p.m. on the date of the incident. When Miller arrived, defendant was handcuffed, and Miller assisted with transporting defendant to the intake area. When asked to describe defendant's demeanor, Miller stated, "He was happy. He was laughing. He was excited." Defendant called Ritz "piss boy" and "told other officers that he would continue to throw piss on

us and was making it like a game, almost like a threat if anyone were to treat him poorly or say no these are going to be the consequences." Miller explained he was not present at the time of the offense.

¶ 10                                  B. Defendant's Evidence

¶ 11          Officer Meyer testified he did not witness the incident and did not recall observing any "wet-like substance" on Ritz. Meyer saw "multiple officers" in Block B "already taking care of" the incident. Meyer assisted with escorting defendant from the area and described defendant's demeanor as "[a] mix of angry and kind of joking." According to Meyer, defendant laughed and said, "I'll do it again."

¶ 12                               C. The Jury Instruction Conference

¶ 13          At the jury instruction conference, the trial court recited defendant's proposed instruction, which would allow an instruction on the lesser-included offense of assault. The State objected, arguing:

> "The evidence here has been uncontested that the defendant, as alleged, splashed a cup of urine on Officer Ritz. There has been no testimony that the urine did not hit Officer Ritz and was just an assault. And there's been no testimony that Officer Ritz was not a correctional officer, was not acting in his official duties and that it was just a simple battery and not an aggravated battery."

¶ 14          Defendant responded:

> "Your Honor, the prosecutor still has not proven that I came into physical contact with Devon Ritz with urine or any liquid-like substance.
> ***

With this being said, Your Honor, assault means I believe without lawful justification places another one in reasonable apprehension of receiving a battery. If you can prove—if you cannot prove that I came in physical contact with you with anything it's not a battery. Assault means I could have placed you in reasonable apprehension of receiving a battery such as I stated that the liquid-like substance possibly hit the floor and didn't hit him that placed him in reasonable apprehension of receiving a battery or tried to provoke him if I committed that alleged offense. So I feel like it's very necessary for the jurors to be instructed of that lesser[-]included offense."

¶ 15    The trial court ruled as follows:

"I agree with [the State's], you know, argument *** of the evidence presented in this case both that [Ritz] was a correctional officer and then also that the evidence was that there is no evidence that it didn't hit him. He was asked about it and said no, it did hit me. So I'm going to deny Defendant's Instruction 1 regarding those lesser[-] included offenses."

¶ 16                         D. Verdict and Sentence

¶ 17    The jury found defendant guilty of aggravated battery. The trial court appointed counsel for defendant for purposes of sentencing. On September 22, 2022, the court sentenced defendant to five years' imprisonment to be served at 50%, followed by one year of mandatory supervised release. This sentence was to be served consecutively to a sentence of 10 years' imprisonment at 85%, followed by 3 years' mandatory supervised release on a conviction, in Sangamon County case No. 19-CF-271, of aggravated battery with a firearm (720 ILCS 5/12-

3.05(e)(1) (West 2018)). (Defendant has appealed the denial of his motion to withdraw his guilty plea in the latter case in appellate court case No. 4-23-0270.)

¶ 18		This appeal followed.

¶ 19		II. ANALYSIS

¶ 20		Defendant argues the trial court abused its discretion when it declined to instruct the jury on the lesser-included offense of aggravated assault. Defendant acknowledges he did not preserve this issue for appellate review through a posttrial motion. Nevertheless, defendant argues the court's refusal to instruct the jury on the lesser-included offense should be reviewed under the plain-error doctrine. Alternatively, defendant argues his posttrial counsel was ineffective for not raising this issue in a posttrial motion.

¶ 21		"To preserve a purported error for consideration by a reviewing court, a defendant must object to the error at trial and raise the error in a posttrial motion. [Citation.] Failure to do either results in forfeiture." *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675. However, "a reviewing court may exercise discretion and excuse a defendant's procedural default." *Sebby*, 2017 IL 119445, ¶ 48.

> "Under the plain-error doctrine, this court will review forfeited challenges
> when: (1) a clear or obvious error occurred and the evidence is so closely
> balanced that the error alone threatened to tip the scales of justice against
> the defendant; or (2) a clear or obvious error occurred, and the error is so
> serious that it affected the fairness of the defendant's trial and the integrity
> of the judicial process, regardless of the closeness of the evidence." *People
> v. Taylor*, 2011 IL 110067, ¶ 30, 956 N.E.2d 431.

A reviewing court begins a plain-error analysis by determining whether error occurred at all. *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1059 (2010). "[T]here can be no plain error if there is no error." *People v. Johnson*, 218 Ill. 2d 125, 139, 842 N.E.2d 714, 722 (2005).

¶ 22        The Illinois Supreme Court has explained:

"Generally, a defendant may not be convicted of an offense for which he has not been charged. [Citation.] However, in an appropriate case, a defendant is entitled to have the jury instructed on a less serious offense if that offense is included in the charged offense. [Citation.] The purpose of an instruction on a lesser offense is to provide 'an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense.' [Citation.]" *People v. Hamilton*, 179 Ill. 2d 319, 323-24, 688 N.E.2d 1166, 1169 (1997).

¶ 23        Determining whether the trial court erred in refusing to instruct the jury on a lesser-included offense entails a two-pronged inquiry. *People v. Hill*, 2020 IL App (1st) 162119, ¶ 17, 169 N.E.3d 1048. As applied to this case, we must determine first whether aggravated assault is a lesser-included offense of aggravated battery. *Hill*, 2020 IL App (1st) 162119, ¶ 17. "[T]he charging instrument approach applies when determining whether an uncharged offense is a lesser-included offense of a charged offense." *People v. Kennebrew*, 2013 IL 113998, ¶ 32, 990 N.E.2d 197. Under the charging instrument approach, we determine whether the allegations in the charging instrument describing the greater offense contain a "broad foundation" or "main outline" of the lesser offense. (Internal quotation marks omitted.) *People v. Kolton*, 219 Ill. 2d 353, 361, 848 N.E.2d 950, 954-55 (2006). An offense can be deemed a lesser-included offense, even if the

indictment does not specify the elements of the lesser-included offense, provided those elements can be reasonably inferred from the allegations. *Kolton*, 219 Ill. 2d at 364. This is an issue of law reviewed *de novo*. *Kennebrew*, 2013 IL 113998, ¶ 18. If we answer the first question affirmatively, we must then consider whether "the evidence reveals that it would permit a jury to rationally find the defendant guilty of the lesser offense yet acquit the defendant of the greater offense." *Hamilton*, 179 Ill. 2d at 324. "It is well-settled that where there is even slight evidence in the record which, if believed by the jury, would reduce the crime to a lesser-included offense, an instruction defining the lesser offense should be given." *People v. Upton*, 230 Ill. App. 3d 365, 374, 595 N.E.2d 56, 62 (1992). We review the trial court's refusal to give such an instruction for an abuse of discretion. *People v. McDonald*, 2016 IL 118882, ¶ 32, 77 N.E.3d 26. "An abuse of discretion occurs only where the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. Rivera*, 2013 IL 112467, ¶ 37, 986 N.E.2d 634.

¶ 24        As for the first prong of the inquiry, we consider the charging instrument approach. Here, the indictment alleged defendant, in throwing the urine on Officer Ritz, committed the act of aggravated battery by knowingly making physical contact of an insulting or provoking nature with a person defendant knew to be a correctional officer in the performance of his official duties. Applied to the facts of this case, a person commits the offense of aggravated assault when that person, without lawful authority, knowingly places a person they know to be a correctional officer in the performance of their official duties in reasonable apprehension of receiving physical contact of an insulting or provoking nature. 720 ILCS 5/12-2(b)(5)(i) (West 2020). For purposes of these offenses, a person "knowingly" causes a result when "consciously aware that that result is practically certain to be caused by [their] conduct." 720 ILCS 5/4-5(b) (West 2020). In alleging aggravated battery, the only element of aggravated assault the indictment did not allege was

placing Ritz in reasonable apprehension of receiving said battery. However, the facts alleged in the indictment present a "broad foundation" or "main outline" of the lesser offense. (Internal quotation marks omitted.) *Kennebrew*, 2013 IL 113998, ¶ 30. This particular element is easily inferred from the indictment in that it alleged defendant knowingly made physical contact of an insulting or provoking nature with Ritz by throwing urine on him. Accordingly, in this case, aggravated assault is a lesser-included offense of aggravated battery.

¶ 25 As for the second prong, no evidence in the record exists to reduce the aggravated battery to an aggravated assault. The testimony of all three officers and the surveillance video admitted at trial established Ritz was the only officer present during the incident. Ritz's testimony he was hit by urine thrown by defendant through the food slot of his cell door was unrebutted. The fact Officers Miller and Meyer did not witness the incident does not constitute "even slight evidence in the record" which might warrant the reduction of the offense from aggravated battery to aggravated assault. *Upton*, 230 Ill. App. 3d at 374. Both Miller and Meyer testified defendant exhibited a jovial demeanor (including by calling Ritz "piss boy") while being escorted from his cell and threatened to engage in this behavior again. Moreover, the evidence established defendant, prior to throwing the urine, was able to see, and talk to, Ritz through the open food slot, thereby knowing where Ritz was. The evidence showed defendant timed his act of throwing the urine through the food slot to when Ritz was walking back towards the cell with the purpose of using his foot to close the food slot. Thus, nothing in the record suggests defendant was uncertain the urine he threw would hit Ritz.

¶ 26 In sum, our review of the evidence demonstrates a rational jury would not convict defendant of aggravated assault and acquit him of aggravated battery. See *Hamilton*, 179 Ill. 2d at 327-28 ("[D]efendant would be entitled to a lesser included instruction on theft only if the evidence

presented at trial could rationally support a finding that defendant was guilty of theft but innocent of residential burglary."). Therefore, the trial court did not abuse its discretion in refusing to instruct the jury as to the lesser-included offense. As the court committed no error, there is no plain error. *Johnson*, 218 Ill. 2d at 139.

¶ 27    Finally, as defendant was not entitled to a lesser-included offense instruction, his posttrial counsel was not ineffective for failing to raise this issue in a posttrial motion. See *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 39, 84 N.E.3d 527 (noting in the context of a claim of ineffective assistance of counsel that "[w]hen a defendant claims that a trial attorney should have filed a particular motion, the reviewing court needs to determine whether the motion would have been meritorious before it can determine whether the attorney should have filed it").

¶ 28                                III. CONCLUSION

¶ 29    For the reasons stated, we affirm the trial court's judgment.

¶ 30    Affirmed.